## LINDSEY v. WALL, tax-collector.

1. Under the provisions of the act approved August 17, 1912 (Acts 1912, p. 176), entitled "An act to provide for issuing bonds for the purpose of building schoolhouses in school districts in which a local tax is now or may hereafter be levied for school purposes," an issuance of bonds for the purpose of building schoolhouses is authorized; and the tax levy under the provisions of that act is not limited by the provisions to the amount of tax that might be raised for school purposes under the act approved August 21, 1906 (Acts 1906, p. 61), which makes provision for a local tax for public schools.

2. There is no merit in the other questions raised as to the validity of the tax in question, in view of the fact that the bonds in question have been validated.

No. 1338. DECEMBER 12, 1919.

Petition for injunction. Before Judge Littlejohn. Schley superior court. January 6, 1919.

I. L. Lindsey filed his petition against J. R. Wall, tax-collector of Schley county, alleging that the defendant was attempting to collect from him an illegal tax; that Schley county had been laid off into school districts; that the Ellaville school district had adopted the local school-tax law and was operating thereunder; that the county commissioners were collecting, for school purposes, five mills on all the taxable property within said district, that in 1916 the trustees of this district submitted to the qualified voters therein the question of an issue of bonds to build a schoolhouse in the town of Ellaville and in said district; that the election resulted in favor of the bonds, and after their validation they were

sold and the proceeds used for building a schoolhouse; and that upon recommendation of the trustees of the school district the county commissioners levied, in addition to the five mills local school tax, a tax of two mills for the refunding of the bonds. Petitioner contended that the school district had no legal right to issue bonds; that it was not such a political division of the State as is referred to in the constitution, article 7, section 7, paragraph 1; that if the school district had the legal right to issue bonds for any purpose, the tax levy either for bonds or for school purposes could not exceed five mills, as is provided by the McMichael act of 1906; that the levy of two mills in excess of five mills was illegal; that the tax-collector was demanding of him the payment of seven mills instead of five for school purposes; and that if the district could legally issue bonds, the tax rate for school purposes, either for buildings or for current expenses, could not exceed five mills.

On the interlocutory hearing the injunction was denied, and Lindsey excepted.

*R. L. Maynard,* for plaintiff.

*C. R. McCrory* and *Shipp & Sheppard,* for defendant.

BECK, P. J. The legislature of this State, during the session of 1912, passed an act entitled "An act to provide for issuing bonds for the purpose of building schoolhouses in school districts in which a local tax is now or may hereafter be levied for school purposes." Acts 1912, p. 176. Section 1 of that act declares: "That when one fourth of the registered qualified voters of a school district, in which a local tax is now or may hereafter be levied for school purposes, shall be filed with the board of trustees of such a district a petition asking for an election for the purpose of determining whether or not bonds shall be issued for the purpose of building and equipping a schoolhouse or houses for said district, the required number of petitioners to be determined by said board of trustees, it shall be the duty of said board of trustees to fix the amount, denomination, rate of interest, and dates when due, and call such election in terms of law now provided for a county issue of bonds." Section 2 provides: "Should bonds be issued and sold, the proceeds shall be turned over to the board of trustees in trust for the purpose of erecting a school building or buildings, which said board may deem suitable. Said board of trustees is authorized to remove, sell, or otherwise dispose of old building or buildings and grounds,

and select a new site and erect a new building thereon, and add
to the proceeds from the sale of bonds any other proceeds which
may come from disposition of old building or buildings, and site."
Under the provisions of this act is was competent for the proper
authorities to issue bonds; and these provisions are clearly in-
dependent of the provision for a local tax for public schools, for the
levy and collection of which provision is made in the act approved
August 21, 1906, in the law passed by the General Assembly,
entitled "An act to amend an act approved August 23, 1905," etc.,
which last act was one "to provide for the creation and operation
of local tax-school district schools, and for the levy and collection of
local tax by districts or counties for educational purposes," etc.
Under the act of 1905, as amended, a tax of one half of one per
cent., for the purposes there set forth, might be levied. No reference
to the acts of 1906 or 1905 is made in the act of 1912, which is
intended to provide for the raising of money by local taxation for
the purpose of building schoolhouses; and there is nothing in the
terms of the act of 1912 from which it can be inferred that the
money raised under the provisions of that act for the purpose of
building schoolhouses should be included in the tax of one half
of one per cent. provided for in the act of 1906. Hence we con-
clude that so much of the act of 1912 as authorized the levy and
collection of a local tax is not limited or qualified by the provisions
in the act of 1906, fixing the amount of the tax that might be
levied for the purposes mentioned in that act. We are giving, of
course, full effect to the act of 1912, though a question is made in
the brief of counsel for the plaintiff as to the constitutionality of
that act; but the question raised as to the act on constitutional
grounds was not raised by the pleadings in the court below. It
is true that in the petition the plaintiff does make the contention:
"That [by] the statute under which said local tax is authorized to be
collected, five mills is the maximum amount that can be collected
for school purposes; that is to say, that under said act or statute a
levy of a tax not to exceed five mills may be levied for school
purposes, to be collected of the property situated within said
district. That notwithstanding the plain language of said statute,
limiting the levy to five mills, the said county authorities, upon
the recommendation of the board of education, has levied five mills
for general purposes and two and one half mills to provide a sink-

ing-fund for the retirement of bonds, as aforesaid. That said levy of taxes for school purposes within said district in excess of five mills is illegal and void, (a) because it exceeds the amount authorized by law; (b) because under the laws of the State of Georgia, and under section six, paragraph one and article seven of the constitution of the State of Georgia, a "school district" in a county is not such a political division of the State as is authorized to issue bonds." And this language in the petition, especially that contained in subsection (b), sets up the contention that the constitution prohibits the collection of the tax in question. But there is no direct attack made on the act of 1912, and no sufficient challenge is directed to that act on the ground of its lack of constitutionality; and consequently we feel bound to give the act its full force and effect according to its plain terms. It follows from what we have said above that the levy of the tax was not illegal nor unauthorized by law.

The other questions as to the validity of the tax, in view of the fact that the bonds have been validated, are without merit.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*