JENNINGS *et al.* v. NEW BRONWOOD SCHOOL DISTRICT.

GILBERT, J. 1. The petition is not demurrable on the ground that " there are no legal trustees or any trustees authorized by law for calling an election, passing resolutions, or to hold an election." The officers, acting as trustees, were at least de facto officers, and their authority cannot be attacked collaterally in this proceeding for validation of bonds. *Morris* v. *Smith,* 153 *Ga.* 438 (112 S. E. 468); *Stephens* v. *School District,* 154 *Ga.* 275 (114 S. E. 197):

2. Section 143 of the act of 1919 (Ga. L. 1919, p. 345), as amended by the act of 1921 (Ga. L. 1921, p. 221), is not in conflict with par. 1 of sec. 4 of article 8 of the constitution of Georgia (Civil Code (1910), § 6579), as amended by act of 1919 (Ga. L. 1919, p. 66), ratified Nov. 2, 1920. This section of the constitution provides that authority is granted to the counties and municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation. A tax not exceeding five mills may be levied throughout the county for the purpose of maintaining such schools, on such recommendation alone without a vote of the people, but " an additional levy to that already allowed, not to exceed five mills, shall be permissible in independent local systems, municipalities, or school districts on a two-

thirds vote of those voting." *McMillan* v. *Tucker*, 154 *Ga.* 154, at p. 170 (113 S. E. 391). This section of the constitution therefore furnishes specific authority for the levy of the additional tax by a school district, not to exceed five mills, under the conditions stated. The constitution recognizes that in some districts it might be desired to devote a sum in addition to the county levy for the maintenance of the public schools in such district, and therefore it provides specifically for the additional levy.

(a) It is insisted that a school district has no constitutional authority to create a debt; that a subdivision of a local-tax county, such as a school district, is unauthorized by the constitution to create a debt, and that the endeavor to do so is in violation of the article of the constitution just mentioned. There is nothing in the section of the constitution above mentioned which prohibits a school district from creating a debt. That section (art. 7, section 7, par. 1, Civil Code, § 6563) provides in part as follows: "The debt hereafter incurred by any county, municipal corporation, or political division of this State, except as in this constitution provided for, shall not exceed seven per centum of the assessed value of all the taxable property therein, and no such county, municipality or division shall incur any new debt except for a temporary loan or loans," etc. It is insisted that a school district is not such a political division as is contemplated in that section of the constitution, and that therefore such a district cannot constitutionally incur a bonded debt. The creation of school districts has been provided for by legislative authority, and these acts have been repeatedly held constitutional. Since the districts may be constitutionally created, the only question remaining is as to whether they may incur a bonded debt. That question has also been decided. It was held in the case of *Ty Ty Consolidated School District* v. *Colquitt Lumber Co.*, 153 *Ga.* 426 (112 S. E. 561), as follows: "Our statutes in regard to taxation for the support of schools in these districts, which clothe them with authority in certain cases to issue bonds for the erection of schoolhouses, in effect make them such subdivisions of the county and the State that they may sue or be sued." Therefore this ground of demurrer was properly overruled.

(b) It is further insisted that the act of 1919, as amended by the act of 1921, delegates the power of taxation to a subdistrict, or a consolidated district which is a part of the county-wide system already levying the tax for public-school purposes, for a purpose unauthorized by the above-named section of the constitution, but if authorized for the purpose named the power is vested in the county as a corporate entity and not in any subdivision thereof. The act of 1919 (Ga. L. 1919, p. 345, sec. 143), as amended by the act of 1921, makes provision that in case of a school district the board of trustees of that district shall call the election on the question of whether they shall incur a bonded debt to build and equip a schoolhouse, and the election called must be conducted as provided in the Civil Code, § 440 et seq. *Davis* v. *Orland School District*, 152 *Ga.* 76 (108 S. E. 466); *Chapman* v. *Summer School District*, 152 *Ga.* 450 (109 S. E. 129).

(c) It is further contended that " Said act is unconstitutional in that

same is violative of article 1, section 4, par. 1, of the constitution of the State of Georgia (Civil Code (1910), § 6391), which provides that no special law shall be enacted in any case for which provision has made by an existing general law." The act of 1919, which is attacked as a whole in this ground of the demurrer, is a general law, and for that reason cannot offend the constitution as contended.

3. Where statutory proceedings are brought for the purpose of validating bonds under the Civil Code (1910), § 445 et seq., and are contested by citizens who become parties thereto and deny the truth of the substantial allegations of the petition, the burden is on the State to prove the material facts which are requisite to obtain validation. *Harrell* v. *Whigham*, 141 *Ga.* 322 (2) (80 S. E. 1010); *Richter* v. *Chatham County*, 146 *Ga.* 218 (91 S. E. 35); *Stephens* v. *School District*, supra.

4. The ruling made in the previous headnote is applicable where the petition filed by the solicitor-general alleges facts sufficient to warrant validation of the bonds and the answer filed by the defendant admits the facts alleged. *Harrell* v. *Whigham*, supra.

5. In the present case no evidence was introduced sufficient to support the petition for validation; and all of the material allegations of the petition and answer being denied by the intervenors, the court erred in rendering a judgment confirming and validating the bonds. For this reason the case must be remanded for another trial.

6. None of the assignments of error not specifically mentioned are meritorious. 　　　　*Judgment reversed. All the Justices concur.*

No. 3346. JULY 11, 1923.

Validation of school bonds. Before Judge Worrill. Terrell superior court. July 11, 1922.

This was an action to validate a proposed issue of bonds for the "New Bronwood School District," Terrell County. The trustees of said district, in their answer, admitted all of the allegations in the petition, and also annexed as exhibits such parts of the record as the county-tax levy for the year 1921; resolution of the county board of education consolidating the district; the issuance of commissions to the trustees of the district; resolution of the district board calling the election for the bonds; notice of the election and the amount of bonds, the period at which they were to fall due, and the interest to be paid; list of registered qualified voters in the district; consolidation of the votes cast, and a copy of the returns of the election, showing number of votes cast 208, in favor of bonds, 182, against bonds 26, total number of registered qualified voters 283; also compliance with the statute in regard to the proceeding for validation. M. E. Jennings and others intervened and denied all of the allegations of the petition and the answer, except that the County of Terrell, is a local-school-tax

2

county and has been since the year 1906, and that the said county was then and has since remained subdivided into school districts, none of which, as a unit, have local taxation for schools, and have never had. It was agreed by the parties that intervenors were citizens of the district and taxpayers therein. The intervenors demurred to the petition on the grounds: (1) The answer of Martin et al. discloses that there are no legal trustees, or any trustees authorized by law calling an election, passing resolutions, or to hold an election. (2) The petition and answer are insufficient to authorize the validation. (3) Section 143 of the School Code of Georgia (Acts 1919, p. 345), as amended by the act of · 1921 (Ga. L. 1921, p. 22), is unconstitutional and void, for the reasons: (*a*) the same is in violation of art. 8, section 4, par. 1, of the constitution (Civil Code (1910), § 6579), in that "said act authorizes the issuance of bonds for schoolhouses by local district or consolidated district, which has heretofore not levied a local tax, which said local district or consolidated district is in fact a subdistrict in a county, which county did prior to the date of the passage of said act as amended, and since, and does now levy a county-wide tax for school purposes;" (*b*) "said act authorizes the creation of a debt for a purpose, and by a subdivision of a local taxed county, which is unauthorized by and in violation of" the constitutional provision mentioned; (*c*) "said act delegates the power of taxation to a subdistrict, or consolidated district, which is a part of a county-wide system already levying a tax for school purposes, and for a purpose unauthorized by the" constitutional provision mentioned, "but if authorized for the purpose named such power is vested in the county as a corporate entity, and not in any subdivision thereof;" (*d*) said act violates art. 11, sec. 1, par. 1, of the constitution, which provides that each county shall be a body corporate, with such powers and limitations as may be prescribed by law; (4) said act is violative of art. 1, sec. 4, par. 1, of the constitution, which provides that no special law shall be enacted in any case for which provision has been made by an existing general law, for the reason: (*a*) that upon the passage of said act there was a general law, and is now, existing in the State of Georgia, covering the subject-matter in question, same being found in section 440 et seq. of Park's Code, which provides for the method of holding

elections for bonds in the State of Georgia, by any county, municipality, or subdivision thereof, all of which is contravened by section 143 of the School Code, as amended in the following respects:   The general law provides that the officers charged with levying taxes, etc., for the county, municipality, or division shall give notice of the election as set forth in par. 440 of the Code, which notice shall specify the amount of bonds, etc. School Code, section 143, provides that the board of trustees shall follow the law as embodied in section 440 et seq. of the Code. It further provides that said board of trustees or board of education shall give notice of the election, the same being in contravention of the general law, in that said officers have no power or authority to levy taxes, and the general law contained in section 440 of the Code limiting the authority to give notice to the officers charged with levying taxes;  (b)  further, that section 441 of the Code provides that the election shall be held by the same persons and in the same manner, and under the same rules and regulations, that elections of said county, municipality, or division are held, and the returns shall be made to the officers calling or ordering the election, who shall, in the presence and together with the several managers, consolidate said returns and declare the results, it being insisted that section 143 as amended is at variance therewith, 1st, because said act provides that the board of education may order said election to be held at the school site or elsewhere, upon notice posted at three public places in said school district, not less than ten days previous to election;  (c)  that the tax-collector shall furnish a certified list of the registered voters in the school district to the managers of the election ten days before the election; (d)  that the ballots cast and the voting list shall be lodged with the board of trustees or board of education;  (e)  that the board of education or board of trustees shall be the election managers, and if for any reason they fail to act any three freeholders of the school district may qualify and act;  (f)  that there is no provision for the consolidation under section 143 of the School Code. (5)  " Said act is unconstitutional and void, for the reason that the same does permit and authorize a subdivision of a county to contract a debt, which subdivision has no authority so to do, and in a manner and fashion which is in violation of par. 1 and 2, section 7, article 7 of the constitution of the State of Georgia, and

of the general law based thereon, found in section 440 et seq. of the Code, which said section 143 is at variance with the general law found in section 440 et seq. for the reasons assigned in the paragraph, supra, in the details mentioned therein, and especially in the details referring to the manner in which the election shall be called, by whom held, by whom the lists are to be furnished of qualified voters; by whom the results are to be declared, and the basis upon which the result is to be declared, it being insisted that the provisions in the School Code, section 143, are wholly at variance with those set forth in the general law, as found in code section 440 et seq.; and further, that there is no basis upon which the results may be declared of an election held, found in the school code, section 143." (6) " There is no provision of law authorizing local trustees of a local school district of a county having a county-wide taxation for schools to contract a debt binding the taxpayers of said local school district, or any property therein, or any resident therein, for payment of said debt; and for the further reason that there is no provision of law constituting said local trustees a body corporate, with power to sue and be sued, to plead or be impleaded, or with power to levy a tax to pay any debt attempted to be contracted by them; and for the further reason that there is no provision of law whereby the holders of bonds executed and signed by trustees of local school districts can enforce the collection of said bonds." They also demurred specially to the second paragraph, for the reason that it does not set out how Terrell County became authorized to levy a local tax for schools, and does not set out how long said local tax has been levied; and to paragraph five, for the reason that a copy of the petition of more than one fourth of the registered qualified voters of said school district calling for election is not set out or attached. The demurrer filed by the intervenors was overruled, and error was assigned upon that judgment, as well as the order of the court validating the bonds.

*Yeomans & Wilkinson,* for plaintiffs in error.