# SEABOARD AIR-LINE RAILWAY COMPANY *v.* WRIGHT, comptroller-general, *et al.*

1. The levy of a tax of twelve mills on the dollar, if that amount of tax is necessary to provide a sinking-fund for the retirement of bonds issued to build a schoolhouse in a local school district, and to pay the interest thereon, is not violative of the provisions of article 8, section 4, paragraph 1, of the constitution, for the reason that that paragraph of the constitution deals only with the *support* of public schools, and has no reference to the erection of school buildings or the payment of the debts created by the erection of school buildings.

2. Article 7, section 7, paragraph 2, of the constitution requires that any "political division of this State which shall incur any bonded indebtedness under the provisions of this constitution shall, at or before the time of so doing, provide for the assessment and collection of an annual tax sufficient in amount to pay the principal and interest of said debt within thirty years from the date of the incurring of said indebtedness." In conformity to this constitutional provision the act of August 15, 1921 (Ga. L. 1921, pp. 221, 228), amending section· 145 of the School Code of 1919 (Ga. L. 1919, pp. 288, 347), declares that

Schools and School Districts, 35 Cyc. p. 1001, n. 95, 98.

"for the purpose of taking care of and paying the principal and interest of these bonds for the district, consolidated district, or county, the board of trustees or board of education shall recommend, and the board of county commissioners or ordinary, as the case may be, shall levy upon the property subject to taxation in the school district, consolidated district, or county, as the case may be, such tax as may be necessary to provide a sinking-fund for the retirement of said bonds and for paying the principal thereof and the interest thereon; *this to be in addition to* the general tax for the maintenance of the schools of said territory."

3. In the case sub judice the county authorities, in addition to the tax of five mills for the support of the school, levied twelve mills for the retirement of schoolhouse bonds. Inasmuch as it does not appear from the record that the levy of twelve mills is excessive for the reason that the amount of tax levied is unnecessary to retire the bonds and for paying the interest thereon, the trial judge did not err in refusing to enjoin the process of the levy, and in dismissing the illegality.

No. 5950. December 16, 1927.

Affidavit of illegality of execution. Before Judge Hodges. Madison superior court. March 12, 1927.

*Berry T. Moseley* and *John B. Gamble,* for plaintiff in error.

*R. Howard Gordon, J. T. Sisk,* and *Tutt & Brown,* contra.

Russell, C. J. The controlling question in this case is whether the local school districts of this State are restricted to a levy of five mills for all purposes, or whether a levy may be made upon the taxable property of school districts for the purposes of retiring a bonded indebtedness which has been created for the erection of a schoolhouse, and for the payment of interest on such bond issue. The Seaboard Air-Line Railway Company paid the taxes required for the year 1926, except the amount of twelve mills on the dollar which had been levied upon the property of the company in Colbert school district of Madison County. An execution for $731.88 was thereupon issued by the comptroller-general against the company, which was levied by the sheriff of Madison County on certain property of the company. It filed an affidavit of illegality, contending, among other grounds, that the tax execution is void, for that it is in violation of art. 8, sec. 4, par. 1, of the constitution, as amended by the act of 1919 (Ga. L. 1919, p. 66), ratified November 2, 1920. It is insisted that the constitution as thus amended authorized an additional tax not to exceed five mills for local school districts, and therefore the tax execution for seventeen mills is void and was issued without authority of law. It will therefore

be seen that the question is whether the school district is restricted to the five mills on the dollar which the railway company paid, or whether the issuance and levy of the fi. fa. for the additional twelve mills of local schoolhouse bond tax was authorized.

We are of the opinion that the court correctly decided this issue by ordering the levy of the fi. fa. to proceed. The judgment of the trial judge was as follows: "By virtue of an agreement entered into between counsel for the parties, the above-stated case came on to be heard before me at Hartwell, Ga., on the 12th instant, and it was agreed, after argument of counsel, that the court might take the case under consideration, and from the judgment of the court either party should have the right to file exceptions thereto as if the decision was rendered in open court. After giving the oral argument of counsel and their briefs filed mature consideration, I have reached the conclusion that there is no merit in either of the grounds of the illegality. The case of *Lindsey* v. *Wall,* 149 *Ga.* 617 (101 S. E. 537), seems to settle the controlling issue involved in the instant case. Other decisions of our Supreme Court bearing upon the main question involved, and which support the conclusion reached, are *Bowen* v. *Mayor etc. of Greenesboro,* 79 *Ga.* 709, 719 (4) (4 S. E. 159) ; *Commissioners* v. *Porter Mfg. Co.,* 103 *Ga.* 613 (30 S. E. 547). Whereupon it is ordered and adjudged that the affidavit of illegality filed be and the same is hereby overruled, and that the execution levied proceed." Learned counsel for the plaintiff in error, whose indefatigable industry has presented for our consideration a mass of authorities, not only of this court but from sister jurisdictions, insists, among the many arguments his ingenuity has presented, that the court erred in holding that the point in this case is controlled by the decision in *Lindsey* v. *Wall,* supra, and asks that the decision in that case, even if not overruled, be not followed, because only five Justices participated in the judgment. After a very mature consideration of every feature of this case, this court adheres to the ruling in *Lindsey* v. *Wall,* supra, though, in view of the amendment to the constitution adopted in 1920 (allowing the levy of a tax of five mills for the *support* of schools) and the subsequent passage of the act of 1921 (permitting the levy of such tax as may be necessary for the retirement of bonds issued to build schoolhouses), the learned trial judge might have based his judgment as

well upon these enactments as upon the ruling in the *Lindsey* case.

Counsel for plaintiff in error in his brief has presented a very full review of the school legislation of the State and of the various decisions of this court construing the same; but we are unable to concur in his basic and ever-present argument that a local school district is limited in levying a tax to five mills to pay current expenses and retirement of schoolhouse bonds. Without going very far back into the history of our school legislation (as in legislation the latest enactment controls in case of irreconcilable repugnancy), it is very apparent that the General Assembly, in the act of 1921 (Acts 1921, p. 221), recognized a complete and separate identity between the levy authorized by law to retire bonds and pay interest on the debt created for the erection of schoolhouses and .the prior enactment which authorized a levy of five mills on the dollar for the *support* of a local school district system. By the act of 1921, supra, passed after the adoption in 1920 of the constitutional amendment proposed by the act of 1919, section 145 of the school law of 1919 was amended by striking the provision for the payment of bonds, and inserting in lieu thereof the following: "For the purpose of taking care of and paying the principal and interest of these bonds for the district, consolidated district, or county, the board of trustees or board of education shall recommend, and the board of county . commissioners or ordinary, as the case may be, shall levy . . such tax as *may be necessary* [italics ours] to provide a sinking-fund for the retirement of said bonds, and for paying the principal thereof and the interest thereon; this to be in addition to the general tax for the maintenance of the schools of said territory." By the act of 1919, supra, the tax that might be levied for "taking care of the expense of these bonds" was limited to five mills, while in the amendment adopted as a substitute therefor the amount was unlimited except by such amount as might be necessary for the purpose of taking care of and paying the principal and interest of these bonds. It was the evident purpose of the legislature by the act of 1921, supra, to increase the taxing power with reference to the retirement of bonds, so as to authorize the levy and collection of such taxes as might be necessary for that purpose. Is the act of 1921 unconstitutional in that it offends any provision of the constitution, or is it not expressly authorized and indeed required by the

constitution? We incline to the latter view, since the constitution, in art. 7, sec. 7, par. 1, expressly provides that any county, municipal corporation, or political division of this State may incur a bonded indebtedness not to exceed seven per centum of assessed value of all of the taxable property therein, and then paragraph 2 of section 7 of article 7 requires that any political division of this State which shall incur any bonded indebtedness under the provisions of the constitution shall, at or before the time of so doing, provide for the assessment and collection of an annual tax sufficient in amount to pay the principal and interest of said debt within thirty years from the date of the incurring of said indebtedness. This court, in *Ty Ty Consolidated School District* v. *Colquitt Lumber Co.,* 153 *Ga.* 426 (112 S. E. 561), and *Jennings* v. *New Bronwood School District,* 156 *Ga.* 15 (118 S. E. 560), has held that school tax districts are political divisions of the State within the constitutional provision authorizing the issuance of bonds. Therefore, under the requirement of a tax sufficient to pay the principal and interest of the debt within thirty years, that became the tax that was "necessary" under the constitution; and the words of the act of 1921, supra, "such tax as may be necessary to provide a sinking-fund and for paying the interest" on such bonds only accord with the requirement of the second paragraph of sec. 7, art. 7 of the constitution.

Art. 8, sec. 4, par. 1, and art. 7, sec. 7, pars. 1 and 2, of the constitution, must be construed together. When thus construed it is apparent that one has reference to the support of the public schools and nothing else, while the other is specifically confined to the requirement as to the levy of a tax for the purpose of paying the bonded indebtedness and interest thereon created by the erection of schoolhouses. What has just been said is in accord with the ruling in *Lindsey* v. *Wall,* supra, even though the question there arose prior to the constitutional amendment of 1919, ratified in 1920. In delivering the opinion of the court in that case Mr. Presiding Justice Beck pointed out the same distinction between the levy of a tax for the support of the schools and for the purpose of building schoolhouses in school districts, under the act of 1912 and the act of 1906, as we hold now exists under the later legislation to which reference has been made. It was said: "Under the provisions of this act it was competent for the proper au-

thorities to issue bonds; and these provisions are clearly independent of the provision for a local tax for public schools, for the levy and collection of which provision is made in the act approved August 21, 1906, in the law passed by the General Assembly, entitled 'An act to amend an act approved August 23, 1905,' etc., which last act was one to provide for the creation and operation of local-tax district schools, and for the levy and collection of local tax by districts or counties for educational purposes, etc. ' Under the act of 1905, as amended, a tax of one half of one per cent., for the purposes there set forth, might be levied. No reference to the acts of 1906 or 1905 is made in the act of 1912, which is intended to provide for the raising of money by local taxation for the purpose of building schoolhouses; and there is nothing in the terms of the act of 1912 from which it can be inferred that the money raised under the provisions of that act for the purpose of building schoolhouses should be included in the tax of one half of one per cent. provided for in the act of 1906." If the distinction between a levy of tax for the support of schools (which must receive the approval of two thirds of the voters of the school district) and a levy of the necessary tax to discharge the principal and interest of bonded indebtedness to build a schoolhouse, which necessarily had been ratified by the people, was clear at the time when this court rendered its judgment in the *Lindsey* case, subsequent rulings as well as the act of 1921 have made it now even clearer than before; for in *Stapleton* v. *Martin,* 164 *Ga.* 336 (5) (138 S. E. 767), it was expressly held: "Authority under article 8, section 4, paragraph 1, of the constitution, to levy a county-wide tax not less than one nor more than five mills for support of the schools and to supplement said tax in a local school district by levy of a local tax not to exceed five mills when sanctioned by popular vote, is separate from the power to levy a tax to pay a bonded indebtedness levied under article 7, section 7, paragraph 1, of the constitution, created for the purpose of building a schoolhouse in the district; and the levy of such local tax to pay the bonded indebtedness will not affect the amount leviable under article 8, section 4, paragraph 1, of the constitution for support of the schools." Plaintiff in error filed a request for a review in the *Stapleton* case, supra, and asked that it be overruled. Upon consideration of this request and of

the decision in that case, we adhere to the former judgment and decline to overrule or modify the ruling stated.

*Judgment affirmed. All the Justices concur, except*

GILBERT, J., dissenting. On the authority of *Gulf Paving Co. v. Atlanta,* 149 *Ga.* 114 (99 S. E. 374), and *Howell* v. *State,* 153 *Ga.* 201 (111 S. E. 675), I am of the opinion that the Court of Appeals, and not this court, has jurisdiction of the case. The majority hold that jurisdiction must be entertained by this court, because construction of a clause of the constitution is involved. The case is before us on the filing of an affidavit of illegality to a tax levy. It is admitted that no act of the legislature is attacked on constitutional grounds. In the opinion of the majority the constitutionality of the act of 1921 is ruled upon, but that question is nowhere raised in the affidavit of illegality. I do not think that the majority will so insist. On the other hand, I am of the opinion that the ruling is made merely by way of argument. It is insisted by the majority that a constitutional provision is drawn in question by reason of the fact that a ground of the illegality alleges that the tax levy for the school district is 17 mills on the dollar, which, under the constitutional limitation, is excessive to the amount of 12 mills. Article 8, section 4, paragraph 1 (Civil Code of 1910, § 6579), as amended by act of 1919, ratified in 1920. In my opinion this does not call for a construction of the constitution. Indeed, the meaning is unambiguous and unquestioned in so far as the affidavit of illegality is concerned. The contention is merely that the amount of the tax levy for the school district exceeds the amount allowed under the constitution.

For these reasons, I think the case should have been transferred to the Court of Appeals. I am authorized to say that Mr. Justice Atkinson concurs in this view, and therefore he can neither concur in nor dissent from the judgment of affirmance. It is my opinion that the judgment is erroneous, and not supported by any case decided by this court in which six Justices concurred. On the other hand, in my opinion, there are controlling authorities which would require a contrary ruling. I therefore dissent from the ruling made on the controlling question whether the tax levy was excessive, for the reasons stated in the dissenting opinion in *Stapleton* v. *Martin,* 164 *Ga.* 336 (supra), where citations of authorities will be found. It is pertinent to state that the tax levy does not

itself indicate that any part of the tax is levied for the purpose of paying interest on bonds or creating a sinking-fund to retire bonds. It merely levies a tax "on the property embraced in the Colbert School District."

HINES, J., concurs in the result.