## CAMPBELL *v.* RED BUD CONSOLIDATED SCHOOL DISTRICT *et al.*

No. 12459.   July 15, 1938.

*Sumter M. Kelley* and *Spalding, Sibley, Troutman & Brock,* for plaintiff in error.

*J. H. Paschall, solicitor-general,* and *Y. A. Henderson,* contra.

546

ATKINSON, Presiding Justice. 1. Article 7, section 7, paragraph 1, of the constitution (Code, § 2-5501), inhibits a political division of the State (except as in the constitution provided for) from incurring a debt exceeding "seven per centum of the assessed value of all the taxable property therein."

2. "It is a . . rule in the construction of grants of exemptions from taxation, whether such grants be by statute or the constitution, that such exemptions should be strictly construed in favor of the public, and that nothing passes by implication; but this rule must not be pushed to unreasonableness." *City of Columbus* v. *Muscogee Mfg. Co.,* 165 *Ga.* 259 (140 S. E. 860); 61 C. J. 384, 385, 391, §§ 383, 384, 395.

3. "Taxation is the rule; exemption from taxation is the exception. The grant of an exemption from taxation rests upon the theory that such exemption will benefit the body of the people, and not upon the idea of lessening the burdens of the individual owners of property." *City of Columbus* v. *Muscogee Mfg. Co.,* supra; *Mayor and Council of Gainesville* v. *Brenau College,* 150 *Ga.* 156 (2) (103 S. E. 164); *Richardson* v. *Executive Committee of the Baptist Convention,* 176 *Ga.* 705 (169 S. E. 18).

4. "There is hereby exempted of owners, beginning January 1, 1938, from all ad valorem taxation, state, county, municipal, and school district, all clothing, household, and kitchen furniture and all other personal property, except as hereafter excepted, not to exceed $300 in actual value. Provided, the person or persons herein entitled to exemption shall register such exemption of

personalty, giving a full description thereof, upon such forms, terms, and manner as shall be prescribed by the General Assembly of Georgia. Provided further, that the value of the property in excess of said exempted personal property shall be subject to taxation, as now or hereafter provided by law. The words 'personal property' or 'personalty' wherever used in this bill, shall be defined as personal property used and included solely within the home, domestic animals, tools and implements of trade of manual laborers. This exemption shall not include motor vehicles." Act approved March 15, 1937, proposing an amendment adding to article 7, section 2, of the constitution (Ga. L. 1937, p. 38). Under the foregoing rules of construction the words "except as hereafter excepted," employed in the above provision of the constitution, refer to the provisions of the second and third clauses which commence with the word "provided." Neither the quoted words nor the amendment as a whole make an exception to the declared exemption of personal property from taxation on the basis of the purpose of taxation. Consequently the amendment is to be construed as exempting the personal property as therein provided from taxation for all purposes, from and after January 1, 1938. This would include exemption from ad valorem taxation for payment of principal and interest on a proposed bonded indebtedness of a consolidated school district (a political division of the State) incurred for the purpose of building a schoolhouse. No question is involved as to the effect of the declared exemption as relates to bond indebtedness incurred before January 1, 1938, or whether it shall be construed as affecting a prior bond indebtedness, in view of section 10 of article 1 of the Federal constitution (Code, § 1-134), inhibiting passage of laws "impairing the obligation of contracts."

5. "Beginning January 1, 1938, there shall be exempted from all ad valorem taxation for state, county, and school purposes the homestead of each resident of this State actually occupied by the owner as a residence and homestead, to the value of $2,000, and only so long as actually occupied by the owner primarily as such, with the exception of taxation to pay interest on and retire bonded indebtedness. Such value to be determined in such manner and according to such rules and regulations as may be prescribed by law. That the General Assembly may from time to time, as the

condition of fiscal affairs of the State, counties, or schools may warrant, lower said exemption to not less than $1,250." Act approved March 30, 1937, proposing an amendment adding to article 7, section 2, of the constitution. (Ga. L. 1937, p. 1122). *Held:*

(*a*) This exemption from taxation for "school purposes" should not be construed to include exemption for purpose of building a *schoolhouse. Seaboard Air-Line Railway Co.* v. *Wright,* 165 *Ga.* 367, 371 (140 S. E. 863) ; *Stapleton* v. *Martin,* 164 *Ga.* 336 (5) (138 S. E. 767).

(*b*) It would seem that if the language "school purposes" did contemplate building a *schoolhouse,* it should be ruled that the words "with the exception of taxation to pay interest on and retire bonded indebtedness," considered with the context, should be construed as creating an exception from the declared exemption on the basis of the purpose of taxation, and that when the purpose of the taxation was "to pay interest on and retire bonded indebtedness," the realty referred to will not be exempt from taxation for that purpose.

6. The Red Bud Consolidated School District in Gordon County is a political division of the State of Georgia. *Ty Ty Consolidated School District* v. *Colquitt Lumber Co.,* 153 *Ga.* 426 (112 S. E. 561) ; *Seaboard Air-Line Railway Co.* v. *Wright,* supra, and cit.

7. On the question whether the assessed value of all taxable property in the Red Bud Consolidated School District was such that a proposed bonded indebtedness of $15,000 to build a schoolhouse, would exceed "seven per centum" of such assessed value, the value of exempted personalty should be omitted, while the value of exempted realty should be counted. Where, as in the instant case, the assessed values of the realty alone are such that the proposed debt would not exceed seven per centum of property values, omitting from the count the assessed value of exempted personalty, the school district would be authorized to incur the bonded indebtedness.

8. On application of the foregoing principles, the judge did not err in dismissing the intervention and validating the bonds.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurs in the result.