33254. THOMAS et al. v. NORTHEAST GEORGIA COUNCIL, INC., BOY SCOUTS OF AMERICA.

JORDAN, Justice.

The tax officials of Rabun County appeal from an adverse summary judgment order enjoining the collection of ad valorem taxes on a portion of a tract of property owned by the Northeast Georgia Council, Inc., Boy Scouts of America.

The Boy Scouts own 327.5 acres of land in Rabun County on which they maintain a summer camp. In 1975, a tax exemption was granted by Rabun County upon 123 acres of this tract as being property used by an institution of public charity, and therefore, not subject to ad valorem taxes under Code Ann. § 92-201. The tax officials assessed the remaining 204.5 acres as that portion of the property which they had apportioned from the total tract as

property which was not being used as part of the Boy Scouts' camping program.

The Boy Scouts filed this action seeking to enjoin the collection of ad valorem taxes and seeking further a judgment decreeing that all of its said property is exempt from ad valorem taxation by the taxing authorities of Rabun County. Appellants filed defensive pleadings contending that a tax assessment had only been levied against that portion of the property which is not presently being used in furtherance of the charitable functions of the appellee.

The Boy Scouts filed a motion for summary judgment based on the pleadings and depositions from a Boy Scout official, three county tax assessors and the county surveyor. The parties stipulated that the Northeast Georgia Council, Inc., Boy Scouts of America is a purely public charitable institution. The trial court granted appellee's motion for summary judgment ruling that all of appellee's property was exempt from ad valorem taxation, permanently enjoining the appellants from attempting to collect any ad valorem tax, and ordering the cancellation of any tax fi. fas. entered on the county records against the appellee. The judgment order also held that "the question of usage or non-usage of such property by the plaintiff for charitable purposes is not material to the issue of its being exempt from ad valorem taxes."

In *Tharpe v. Central Ga. Council, Boy Scouts of America,* 185 Ga. 810 (196 SE 762)(1938), this court was previously faced with the question of whether a tract of land used as a summer camp by the Boy Scouts was exempt from county ad valorem taxes. Although the *Tharpe* case was determined on the question of whether the Boy Scout Council would be considered an institution of public charity, an issue which has been stipulated by the parties in this case, the case does state the test for determining whether property is exempt from taxation under Code Ann. § 92-201. "The test is whether the property itself is dedicated to charity and used exclusively as an institution of purely public charity . . ." *Tharpe,* supra, at 813.

This usage test is succinctly stated in *Mu Beta*

*Chapter Chi Omega House Corp. v. Davison,* 192 Ga. 124, 126 (14 SE2d 744) (1941), as follows: "If exempt, it is only because it is property used exclusively as an institution of purely public charity." Property owned by a charitable institution is not exempt from taxation unless it is used for the purposes for which that institution was established. Mere latent ownership of property by an institution of public charity will not entitle it to an exemption in the absence of the required application of the property to the charitable goals of the owner.

Accordingly, the holding in the judgment of the trial court that "the question of usage or non-usage of such property by the plaintiff for charitable purposes is not material to the issue of its being exempt from ad valorem taxes" is an erroneous interpretation of the requirements for tax exemption under Code Ann. § 92-201.

Although the language of the trial court's judgment order demonstrates that it employed an incorrect standard of review, the question remains whether, using the correct test of usage, the evidence presented before the trial court demanded the granting of appellee's motion for summary judgment.

The burden of proving a tax exemption under Code Ann. § 92-201 is on the party seeking the exemption. "Taxation is the rule; exemption from taxation is the exception." *Campbell v. Red Bud School District,* 186 Ga. 541, 546 (198 SE 225) (1938). In support of its motion for summary judgment, appellee introduced the deposition of an official of the Northeast Georgia Council in which he testified that the Boy Scouts utilize the entire 327.5 acre tract as part of their wilderness camping program; that the land is used solely for Scout purposes and that no profit is derived from this property. However, the three county tax assessors and the county surveyor testified on deposition that they inspected the property and found that 123 acres were being used by the Boy Scouts and that the remainder of the property, 204.5 acres, was not being used. In his deposition, Herchel Grist, a county tax assessor, testified that it was his opinion that the nonexempt land was not being used. While opinion evidence will not authorize the grant of a summary judgment, it will make a jury issue. *Wheeler v. Rowell,* 234

Ga. 403 (216 SE2d 301) (1975). This testimony created an issue of fact for jury determination. The trial court erred in granting the appellee's motion for summary judgment.

*Judgment reversed. All the Justices concur, except Hall, J., who dissents.*

ARGUED FEBRUARY 14, 1978 — DECIDED APRIL 18, 1978 — REHEARING DENIED MAY 2, 1978.

*Sutton & English, Frank Sutton,* for appellants.
*McClure, Ramsay, Struble & Dickerson, Robert B. Struble,* for appellee.