76164. NATIONAL EQUIPMENT SALES, SERVICE & SUPPLIES, INC. v. HAMRICK MANUFACTURING & SERVICES, INC.
(367 SE2d 287)

POPE, Judge.

Plaintiff Hamrick brought this action against defendants National and its president, William Locke, seeking the balance due from defendant National's purchase of an "uncaser machine." Defendants answered and counterclaimed. A settlement agreement was tentatively reached but not consummated when a disagreement over its terms arose. Defendants then moved for summary judgment on the following grounds: (1) to enforce the settlement agreement, (2) plaintiff's liability for breach of said agreement, (3) to dismiss plaintiff's complaint against defendant Locke, and (4) to strike those portions of plaintiff's complaint seeking recovery of interest and attorney fees. The trial court granted the motion dismissing defendant Locke and striking plaintiff's claim for attorney fees; the remaining grounds were denied. Defendant National brings this direct appeal and enumerates as error the trial court's "sua sponte granting summary judgment to plaintiff" on the issues denied to defendant. However, although the trial court made several findings of fact, we find the record entirely devoid of any evidence showing the grant of summary judgment in favor of plaintiff. Cf. *Cruce v. Randall*, 245 Ga. 669 (266 SE2d 486) (1980), aff'g 152 Ga. App. 183 (1) (262 SE2d 488) (1979).

We note initially that plaintiff did not appeal the grant of partial summary judgment against it. Rather, the only appellant in this case is defendant National. The only alleged errors cited by National relate to the partial denial of its summary judgment motion. "[T]he grant of a motion for summary judgment . . . will not, standing alone, necessarily authorize the initiation of a direct appeal therefrom by any party to the . . . case. An appeal must be filed by one who has standing to pursue it. OCGA § 9-11-56 (h) gives a *losing* party [i.e., the party against whom summary judgment has been entered] the right to a direct appeal from an order granting summary judgment on

any issue or as to any party even though the judgment is not final. Obviously, the plaintiff in the instant . . . action is a losing party as to the grant of [a portion of defendants'] motion. However, unless [defendant National] is also a losing party as to that [portion of the] order, [it] has no standing to file a direct appeal therefrom. Absent a viable ancillary direct appeal, this court . . . lack[s] jurisdiction to consider the denial of [the remainder of defendants'] motion for summary judgment." (Punctuation and cits. omitted.) *Shackelford v. Green*, 180 Ga. App. 617, 618 (349 SE2d 781) (1986). Clearly, defendant National has no standing to appeal that portion of its summary judgment motion resolved in its favor. See *Wallace v. Scott*, 164 Ga. App. 129 (1) (296 SE2d 423) (1982). Nor did National raise such issues in this appeal. What we are presented with in this appeal is only the *denial* of the remaining portion of defendant's summary judgment motion. Under these circumstances, the denial of that portion of defendants' motion for summary judgment cannot be considered without a certificate for immediate review and application to this court for permission to appeal. Therefore, the partial denial of defendants' motion for summary judgment is not properly before us for review, and this appeal must be dismissed. See generally *Southeast Ceramics v. Klem*, 246 Ga. 294 (1) (271 SE2d 199) (1980); *Weldon v. Southeastern Fid. Ins. Co.*, 157 Ga. App. 698 (278 SE2d 500) (1981).

*Appeal dismissed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 16, 1988.

*Allen R. Hirons*, for appellant.

*Thomas P. Lenzer, James S. Plackis, William M. Davidson*, for appellee.