A95A1081. DAVIS v. DUBLIN CITY BOARD OF EDUCATION
et al.
(464 SE2d 251)

McMURRAY, Presiding Judge.

Plaintiff Cassandra A. Davis, guardian of the minor Michael Davis, Jr., brought this tort action against defendants Dublin City Board of Education (the "Board of Education") and Shellie Stroman, Jr., the principal of Hillcrest Elementary School (the "School") which is operated by the Board of Education. According to the complaint, on March 15, 1993, plaintiff's seven-year-old son tripped over a rug that was negligently placed at the entrance to the School, "fell through a cracked glass door and was seriously injured." By amendment, plaintiff further alleged that the cracked glass door at the entrance to the School "constituted a wilful and reckless disregard for the safety of underaged persons such as Michael Davis, Jr. [and further that the] cracked glass door . . . constituted a nuisance of which Defendants

were aware and failed to repair." Defendants denied the material allegations and jointly moved for summary judgment on the basis of sovereign immunity. In so doing, defendants "concede[d] that a policy of liability insurance is in effect which provides coverage for the incident complained of, but den[ied] that their immunity is waived as a consequence." The trial court granted defendants' motion, and this appeal followed. *Held*:

In five related enumerations of error, plaintiff contends the grant of summary judgment is erroneous either because no immunity applies or else because any colorable claim of immunity has been waived. We do not agree.

1. "School districts are political subdivisions of this State. *Jennings v. New Bronwood School District*, 156 Ga. 15[ (2), 16 (2) (a)] (118 SE 560); *Seaboard Airline Ry. Co. v. Wright*, 165 Ga. 367[, 371] (140 SE 863); *Campbell v. Red Bud Consolidated School District*, 186 Ga. 541[, 548 (6)] (198 SE 225)." *Cotton States Mut. Ins. Co. v. Keefe*, 215 Ga. 830, 834 (1) (113 SE2d 774). The 1991 constitutional amendment "extending sovereign immunity 'to the state and all of its departments and agencies' includes . . . school [boards]," such as the City of Dublin Board of Education in the case sub judice. *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 294 (454 SE2d 149). See also *Sheley v. Bd. of Public Ed. for the City of Savannah &c.*, 132 Ga. App. 314, 316 (2) (208 SE2d 126). In the case sub judice, the essence of plaintiff's complaint is that defendant Stroman, acting as principal, failed to exercise sound judgment in allowing what plaintiff alleges to be a hazardous condition to exist. With respect to the provision and maintenance of school buildings and facilities, "the act or failure to act is not ministerial in nature, but is, rather, discretionary." *Hennessy v. Webb*, 245 Ga. 329, 332 (264 SE2d 878). It follows that the Board of Education is entitled to claim sovereign immunity and the principal is entitled to official immunity from personal liability for injuries sustained as a result of the negligent performance of discretionary official acts. See *Bitterman v. Atkins*, 217 Ga. App. 652, 654 (458 SE2d 688) (physical precedent only). Accord *Gilbert v. Richardson*, 264 Ga. 744, 752 (6) (452 SE2d 476). The first and third enumerations are without merit.

2. Plaintiff's amendment to the complaint alleging that such failure to repair "constituted wilful and reckless disregard for the safety of underaged persons" is unsupported by any evidence of that *intent* to inflict injury which distinguishes mere negligence from such "wilful or wanton conduct [as] will remove the shield of sovereign [and official] immunity." *Truelove v. Wilson*, 159 Ga. App. 906, 907 (4), 908 (285 SE2d 556). The second enumeration lacks merit.

3. Nevertheless, plaintiff contends in her fourth enumeration that any claim of immunity has been waived by the existence of a liability

insurance policy covering the incident at issue. This contention is without merit.

The above-mentioned amendment to the 1983 Georgia Constitution, Art. I, Sec. II, Par. IX, "extended sovereign immunity to all state departments and agencies, regardless of the existence of liability insurance. *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 50 (414 SE2d 638) (1992)." *Canfield v. Cook County*, 213 Ga. App. 625 (445 SE2d 375). "The General Assembly may waive the immunity of counties, municipalities, and school districts by law." 1983 Ga. Const., Art. IX, Sec. II, Par. IX. "In the exercise of its constitutional authority to waive the defense of sovereign immunity, the General Assembly has enacted the Georgia Tort Claims Act (GTCA). OCGA § 50-21-20 et seq. However, the waiver of sovereign immunity afforded by that statute does not extend to . . . count[ies, municipalities, school districts, or other units of local government]. OCGA § 50-21-22 (5)." *Woodard v. Laurens County*, 265 Ga. 404, 405 (1) (456 SE2d 581). Moreover, "the provisions of OCGA § 20-2-991 concerning the purchase of liability insurance covering the school district do not provide for a waiver of sovereign immunity as contemplated by the 1991 amendment." *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 295, supra. "Since [in the case sub judice] there is no legislative act specifically providing that the sovereign immunity of the [Board of Education] is waived and the extent of such waiver, the [City of Dublin Board of Education was] entitled to summary judgment on the basis of sovereign immunity." *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 296, supra. It follows that there was no waiver of official immunity for defendant Shellie Stroman, the principal of Hillcrest Elementary School, by the mere existence of this liability insurance policy.

4. Since each defendant is afforded sovereign or official immunity and that immunity has not been waived despite the existence of a liability insurance policy, we need not consider whether the cracked glass door amounted to a nuisance, as contended in the fifth enumeration. *Sheley v. Bd. of Public Ed. for the City of Savannah &c.*, 132 Ga. App. 314, 317 (3), supra. The trial court correctly granted defendants' motion for summary judgment.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED NOVEMBER 20, 1995 —

*Edwards & Youmas, Lonzy F. Edwards*, for appellant.
*Barrow, Sims, Morrow & Lee, Jordon D. Morrow*, for appellees.