S97A1529: RIDDLE v. ASHE et al.
(495 SE2d 287)

THOMPSON, Justice.

We granted defendant Riddle's application for interlocutory appeal to determine whether the trial court erred when it found OCGA § 50-21-25 (a) of the Georgia Tort Claims Act ("GTCA") to be unconstitutional.

Plaintiff Ashe was injured when his car collided with a Department of Transportation (DOT) dump truck driven by DOT employee Riddle while in the scope of his employment. Ashe and his wife filed a personal injury action naming the DOT and Riddle, individually, as defendants. Riddle filed a special appearance and moved to dismiss the complaint on the basis that as a state employee acting within the scope of his employment, suit against him is barred by OCGA § 50-21-25 (a).

In an interlocutory order, the trial court denied Riddle's motion, declaring OCGA § 50-21-25 (a) unconstitutional on grounds that it exceeds the scope of the voter approved constitutional ballot amendment which authorized the GTCA; that it impermissibly grants blanket immunity to state employees for tort actions; and that it violates equal protection. For the reasons which follow, we reject the trial court's ruling on each ground. We thus conclude that Riddle's motion to dismiss should have been granted.

1. In 1990, a majority of Georgia voters approved a constitutional amendment which provided for limited waiver of sovereign immunity through a legislative act. The language of that ballot amendment has received judicial approval. *Donaldson v. Dept. of Transp.,* 262 Ga. 49 (414 SE2d 638) (1992); *Burton v. Georgia,* 953 F2d 1266 (11th Cir. 1992).

Pursuant to that constitutional amendment, Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983 was amended in 1991. It now

provides that the defense of sovereign immunity by the state to tort liability can only be waived "by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Subsection (e).

The Georgia Tort Claims Act, OCGA § 50-21-20 et seq., was enacted under the authority of the 1991 constitutional amendment. *Woodard v. Laurens County*, 265 Ga. 404 (1) (456 SE2d 581) (1995). The stated legislative intent, as it pertains to the provision under review, is contained in OCGA § 50-21-21 (b):

> [T]he proper functioning of state government requires that state officers and employees be free to act and to make decisions, in good faith, without fear of thereby exposing themselves to lawsuits and without fear of the loss of their personal assets. Consequently, it is declared to be the public policy of this state that state officers and employees shall not be subject to lawsuit or liability arising from the performance or nonperformance of their official duties or functions.

In accordance therewith, OCGA § 50-21-25 (a) gives a state employee immunity from suit and tort liability for conduct performed within the scope of the employee's official duties. That Code section provides:

> This article constitutes the exclusive remedy for any tort committed by a state officer or employee. A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor. However, nothing in this article shall be construed to give a state officer or employee immunity from suit and liability if it is proved that the officer's or employee's conduct was not within the scope of his or her official duties or employment.

OCGA § 50-21-25 (a) is not at odds with the ballot language or the constitutional amendment. The ballot language informed voters that the constitutional amendment would authorize lawsuits against the state and provide for how public officers and employees may or may not be liable. This is exactly what the constitutional amendment and the GTCA accomplished.

2. The trial court was incorrect in interpreting OCGA § 50-21-25 (a) as providing "blanket" immunity from suit. In contrast, this Court has described the GTCA as affording a plaintiff "the benefit of the *broad waiver* of sovereign immunity." (Emphasis supplied.) *Woodard*, supra at 405. While a state actor is immune from suit if acting within

the scope of his or her official duties, *Keenan v. Plouffe*, 267 Ga. 791 (1) (482 SE2d 253) (1997), the GTCA does allow recourse against the state for the same conduct, if certain conditions have been satisfied. See OCGA §§ 50-21-23; 50-21-24; 50-21-26. Accordingly, the GTCA provides limited, rather than blanket, immunity from suit.

3. Ashe argues that OCGA § 50-21-25 (a) creates a class of citizens who are denied the right to seek recovery from persons who injure them and thus violates equal protection. As discussed previously, an injured person is not without recourse against the state.]

We have determined that:

> The bar of sovereign immunity neither results in a deprivation of property without just compensation nor constitutes a denial of equal protection or due process under the federal or state constitutions. [Cits.] The due process and equal protection clauses of the federal and state constitutions protect only rights, not mere privileges, and discrimination in the grant of privileges is not a denial of equal protection to those who are not favored. [Cit.] A waiver of sovereign immunity is a mere privilege, not a right, and the extension of that privilege is solely a matter of legislative grace. [Cit.]

*Woodard*, supra at 406. Accordingly, OCGA § 50-21-25 (a) does not violate equal protection.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 9, 1998.

*Thurbert E. Baker, Attorney General, C. Latain Kell, Senior Assistant Attorney General, Lisa S. Siegel, Assistant Attorney General,* for appellant.

*Karen M. Krider,* for appellees.

*Mills, Moraitakis & Kushel, Glenn E. Kushel,* amicus curiae.