A98A1350. DOLLAR et al. v. DALTON PUBLIC SCHOOLS et al.
(505 SE2d 789)

JOHNSON, Presiding Judge.

Anna Dollar's mother ("Dollar") sued the Dalton Public School District and two childcare workers after Anna fell from playground equipment and broke her arm while attending an after-school childcare program on Dalton Public School premises. The school district moved for summary judgment based on sovereign immunity and the childcare workers moved for summary judgment based on official immunity. Dollar also moved for partial summary judgment. The trial court granted the defendants' motions for summary judgment and denied Dollar's motion. Dollar appealed to the Supreme Court of Georgia, raising several constitutional issues. The Supreme Court held that the constitutional issues raised involved application of well-settled principles and transferred the appeal to this Court. We affirm the judgment of the trial court.

1. In several enumerations of error, Dollar argues that sovereign immunity does not apply here because: (a) the after-school program is not a governmental function and is not covered by traditional notions of sovereign immunity; (b) sovereign immunity has been waived to the extent of insurance; (c) a special relationship exists between the school district and Dollar; (d) the school district maintained a nuisance; and (e) sovereign immunity does not prevent collection of damages from insurance proceeds.

(a) We disagree with Dollar's claim that the after-school program, for which she paid a fee, is not public education or a governmental activity and therefore the school district, like any private childcare provider, is not entitled to sovereign immunity.

Our legislature has specifically recognized that programs operated by boards of education which provide care and supervision of school-age children outside of normal school hours serve an educational purpose, are necessary or incidental to public education and can be an integral part of the total school program offered by public schools in this state. OCGA § 20-2-65 (a). The legislature has authorized boards of education to establish and operate such after-school programs. OCGA § 20-2-65 (b). An after-school program operated by a school district in accordance with OCGA § 20-2-65, is therefore clearly a governmental activity serving an educational purpose. This enumeration is without merit.

(b) The question of whether by having liability insurance the school district has waived sovereign immunity has been decided adversely to Dollar. See *Crisp County School System v. Brown*, 226 Ga. App. 800, 802 (1) (487 SE2d 512) (1997) (school systems do not waive sovereign immunity merely by purchasing liability insurance); *Davis v. Dublin City Bd. of Ed.*, 219 Ga. App. 121, 123 (3) (464 SE2d 251) (1995) (board of education entitled to summary judgment based on sovereign immunity despite existence of liability insurance coverage since no legislative act specifically provides that the board of education has waived sovereign immunity by purchasing liability insurance).

(c) Dollar's reliance on *City of Rome v. Jordan*, 263 Ga. 26 (426 SE2d 861) (1993), as authority for her argument that the school district had a special duty of care toward her, is misplaced. The Supreme Court of Georgia has held that the public duty doctrine adopted in *City of Rome* does not apply outside of the police protection context. *Hamilton v. Cannon*, 267 Ga. 655 (1) (482 SE2d 370) (1997). Compare *Coffey v. Brooks County*, 231 Ga. App. 886, 887 (1) (500 SE2d 341) (1998).

(d) Dollar argues that the playground equipment is a nuisance because it had insufficient padding beneath it, and that a municipality has no sovereign immunity where it maintains a nuisance. See *Hibbs v. City of Riverdale*, 267 Ga. 337 (478 SE2d 121) (1996). The school district, however, is not a municipality. The immunity which protects school districts and their officials applies equally to claims in negligence and in nuisance. *Crisp County School Dist. v. Pheil*, 231 Ga. App. 139, 140 (1) (498 SE2d 134) (1998).

(e) We are not persuaded by Dollar's argument that the suit should proceed because she can always collect from the school district's insurer rather than from the school district itself. As discussed

above, the school district is immune from suit despite the existence of insurance.

2. Dollar claims official immunity does not apply to the childcare workers because their failure to supervise children as instructed was ministerial rather than discretionary; as after-school childcare providers they were engaged in non-governmental activity; and liability insurance was provided.

For the reasons discussed in Division 1 above, the latter two arguments are without merit. See *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 295-296 (454 SE2d 149) (1995) (school district does not waive sovereign immunity by purchasing liability insurance, and employees sued in their personal capacities for actions taken within the scope of their duties as employees of the school district are entitled to summary judgment based on official immunity).

Dollar's argument that official immunity does not apply because the employees were engaged in ministerial acts is also without merit. The task imposed on teachers to monitor, supervise and control students is a discretionary action which is protected by the doctrine of sovereign immunity. *Wright v. Ashe*, 220 Ga. App. 91, 94 (469 SE2d 268) (1996); *Kelly v. Lewis*, 221 Ga. App. 506, 508-509 (471 SE2d 583) (1996); see also *Crisp County School System v. Brown*, supra at 803.

3. Dollar's constitutional arguments are without merit.

(a) In several enumerations, Dollar contends strict application of sovereign immunity is unconstitutional because it results in unfairness and irresponsible government. "Application of the doctrine of sovereign immunity has always involved the balancing of the interests of persons injured by government's wrongdoing and the interests of the taxpayers." *Thomas v. Hosp. Auth.*, 264 Ga. 40, 43-44 (2) (440 SE2d 195) (1994). Indeed, in enacting the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., the General Assembly specifically "recognize[d] the inherently unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity." OCGA § 50-21-21 (a); *Googe v. Fla. Intl. &c. Co.*, 262 Ga. 546, 550, n. 9 (422 SE2d 552) (1992). Accordingly, the Georgia Tort Claims Act does not provide blanket immunity from suit, but affords a plaintiff the benefit of a broad waiver of sovereign immunity. *Riddle v. Ashe*, 269 Ga. 65, 66 (2) (495 SE2d 287) (1998). Nonetheless, as noted in *Googe*, supra, the exposure of the state treasury to tort liability must be limited.

(b) Dollar claims sovereign immunity violates due process and equal protection clauses of the federal constitution because it constitutes deprivation with no remedy. "The bar of sovereign immunity neither results in a deprivation of property without just compensation nor constitutes a denial of equal protection or due process under

the federal or state constitutions. The due process and equal protection clauses of the federal and state constitutions protect only rights, not mere privileges, and discrimination in the grant of privileges is not a denial of equal protection to those who are not favored. A waiver of sovereign immunity is a mere privilege, not a right, and the extension of that privilege is solely a matter of legislative grace." (Citations omitted.) *Riddle*, supra at 67 (3). We point out that, in this state, sovereign immunity has constitutional status and cannot be abrogated by the judiciary. See *State Bd. of Ed. v. Drury*, 263 Ga. 429, 430 (1) (437 SE2d 290) (1993); *Martin v. Dept. of Public Safety*, 257 Ga. 300, 301 (1) (357 SE2d 569) (1987).

(c) The Georgia Tort Claims Act does not violate Art. I, Sec. II, Par. I of the Georgia Constitution of 1983, which article provides that government is founded on the will of the people and that public officers are trustees of and amenable to the people. "[A] majority of Georgia voters approved [the 1991 amendment] which provided for limited waiver of sovereign immunity through a legislative act. The language of that ballot amendment has received judicial approval. [Cits.]" *Riddle*, supra at 65 (1). The Georgia Tort Claims Act was enacted under the authority of the amendment. Id. at 66 (1). Dollar's contention that the Act unconstitutionally violates the will of the people is therefore incorrect.

(d) The 1991 amendment (Art. I, Sec. II, Par. IX) to the Georgia Constitution of 1983 does not violate due process and equal protection guarantees for the reasons discussed in part (b) of this division.

There being no genuine issues of material fact, the trial court did not err in granting summary judgment to the school district and its employees. See generally *Perkins v. Morgan County School Dist.*, 222 Ga. App. 831, 837 (3) (476 SE2d 592) (1996).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 11, 1998 —

*Coppedge, Leman & Ward, Warren N. Coppedge, Jr., David L. McGuffey*, for appellants.

*Kinney, Kemp, Sponcler, Joiner & Tharte, F. Gregory Melton, Wayne E. Brooks, Jr.*, for appellees.