A00A0529. HUNT v. CITY OF ATLANTA et al.
(537 SE2d 110)

RUFFIN, Judge.

Melame Hunt's son, James, died while walking to school when he was struck by a car that ran a red light at an intersection near Woodson Elementary School in Atlanta. The collision occurred at approximately 7:10 a.m., as James was on his way to participate in the school's breakfast program. At that time, the school zone speed limit sign was not yet flashing, and the school crossing guard had not yet reported for duty. Hunt sued the Atlanta Board of Education and the City of Atlanta for wrongful death, alleging that the defendants were negligent and had maintained a hazardous condition or nuisance. The trial court granted summary judgment to the Board of Education on the ground that it was immune from suit. Hunt appeals, arguing that the Board's immunity does not apply to nuisance actions. We disagree and affirm.

This case is controlled by our decision in *Davis v. Dublin City Bd.*

*of Ed.*[1] In *Davis*, the plaintiff's son allegedly tripped over a rug placed at the entrance to the school and fell through a cracked glass door. The plaintiff sued the Dublin City Board of Education under theories of negligence and nuisance. We held that

> [s]chool districts are political subdivisions of this State. The 1991 constitutional amendment extending sovereign immunity to the state and all of its departments and agencies includes school boards, such as the City of Dublin Board of Education in the case sub judice.[2]

We noted that the essence of the plaintiff's complaint was that the school "failed to exercise sound judgment in allowing what plaintiff alleges to be a hazardous condition to exist."[3] As the provision and maintenance of school facilities involve discretionary acts, the board of education was entitled to immunity.

Here, as in *Davis*, Hunt seeks to hold the Board liable for negligence and nuisance arising out of the Board's performance of discretionary acts. These claims are barred by sovereign immunity.[4]

Hunt contends, however, that actions against municipalities for nuisance are not barred by sovereign immunity. Although that is correct,[5] the trial court granted summary judgment in favor of the Atlanta Board of Education only, so the liability of the City of Atlanta for any nuisance is not at issue here. Because a school board is not a municipality, the municipal nuisance exception to sovereign immunity does not apply.[6] It follows that Hunt may not sue the Board for nuisance *or* for negligence. Accordingly, the trial court properly granted summary judgment in favor of the Board.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

---

[1] 219 Ga. App. 121, 122 (1) (464 SE2d 251) (1995).

[2] (Citations and punctuation omitted.) Id.

[3] Id.

[4] Id.; see also *Sheley v. Bd. of Pub. Ed. for the City of Savannah &c.*, 132 Ga. App. 314, 316-317 (2) (208 SE2d 126) (1974) (city school board had immunity from nuisance claim by mother whose son drowned in septic tank on school property which was left uncovered).

[5] See *Hibbs v. City of Riverdale*, 267 Ga. 337 (478 SE2d 121) (1996) ("While a municipality enjoys sovereign immunity from liability for negligent acts done in the exercise of a governmental function, it may be liable for damages it causes to a third party from the creation or maintenance of a nuisance.").

[6] See *Sheley*, supra at 317 (3) ("Conceding, but not deciding, that the matters alleged and proved were enough to raise a factual issue as to whether a nuisance existed . . . , it would not affix any liability to the defendant school board, for its status is greatly different from that of a municipality."); see also *Dollar v. Dalton Pub. Schools*, 233 Ga. App. 827, 828 (1) (d) (505 SE2d 789) (1998) ("The school district . . . is not a municipality. The immunity which protects school districts and their officials applies equally to claims in negligence and nuisance.").

DECIDED JULY 7, 2000 —
RECONSIDERATION DENIED JULY 19, 2000 

*Biggins & Associates, Franklin N. Biggins, Bedelia C. Hargrove,* for appellant.
*Belinda E. Edwards, Yeun Soo Jo,* for appellees.