**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 22, 2018**

# In the Court of Appeals of Georgia

A18A0506. CITY OF DUBLIN SCHOOL DISTRICT v. MMT
        HOLDINGS, LLC et al.

MCMILLIAN, Judge.

MMT Holdings, LLC filed this putative class action[1] against the City of Dublin
School District ("School District") and City of Dublin, Georgia ("City") (collectively
"Defendants"), seeking a refund from Defendants of ad valorem taxes MMT contends
were illegally assessed and used by the School District to meet obligations not
approved by the voters, as well as an injunction against the City to bar it from
transferring the taxes it had collected over to the School District. MMT filed a motion
for partial summary judgment, asserting it was entitled to a refund of the assessed ad

---

[1] MNT filed this putative class action lawsuit individually and on behalf of the
individuals, persons, corporations, companies, associations, entities, and others who
may have paid the 2.25 mill property tax that the City approved on October 6, 2016.
The parties agreed to postpone ruling on the issue of class certification pending the
trial court's ruling on their respective motions for summary judgment, and it appears
that a hearing was scheduled on that issue after the entry of the summary judgment
order that is the subject of this appeal.

valorem tax increase, and the School District filed a motion for summary judgment arguing, among other things, that the doctrine of sovereign immunity bars MMT's claims. Following a hearing, the trial court entered an order denying the School District's motion for summary judgment and granting MMT's motion. The School District appealed to our Supreme Court, and the Supreme Court transferred the appeal to this Court.[2] Because we agree MMT's claims against the School District are barred by sovereign immunity, we now reverse.

1. We turn first to the threshold issue of sovereign immunity. See *City of Tybee Island v. Harrod*, 337 Ga. App. 523, 524 (788 SE2d 122) (2016). Our law is well settled that school districts are political subdivisions of this State and are protected by sovereign immunity unless immunity is waived by an act of the Georgia legislature or within the Georgia Constitution. See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e);

---

[2] The School District filed this appeal in the Supreme Court pursuant to the Ga. Const. of 1983, Art. VI, Sec. VI, Para. III (2) and (5), which allocated to the Supreme Court appellate jurisdiction over equity cases and cases involving extraordinary remedies "unless otherwise provided by law[.]" The Supreme Court transferred the appeal to this Court pursuant to the Appellate Jurisdiction Reform Act of 2016, Ga. L. 2016, p. 886 § 6-1 (c) which, effective January 1, 2017, transferred jurisdiction over equity cases and cases involving extraordinary remedies to this Court.

Ga. Const. of 1983 Article IX, Section II, Paragraph IX.[3] *Hunt v. City of Atlanta*, 245 Ga. App. 229, 229-30 (537 SE2d 11) (2000); *Davis v. Dublin City Bd. of Ed.,* 219 Ga. App. 121, 122 (1) (464 SE2d 251) (1995); see generally *Gilbert v. Richardson*, 264 Ga. 744, 745 (1) (452 SE2d 476) (1994) (In Georgia, sovereign immunity "protect[s] governments at all levels from unconsented-to legal actions.").

Here, MMT, who bears the burden of establishing waiver,[4] asserts that the legislature waived the School District's immunity by enacting OCGA § 48-5-380 (a) (1), which it contends entitles them to seek a refund against the School District and

---

[3] Article I, Section II, Paragraph IX (e) of the Georgia Constitution grants sovereign immunity to the "state and all of its departments and agencies [which] can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver."

Article IX, Section II, Paragraph IX of the Georgia Constitution provides: "The General Assembly may waive the immunity of counties, municipalities, and school districts by law."

It is not necessary for us to decide which constitutional provision applies to the issue of waiver of immunity for a city school district since under the facts of this case the result would be the same under either provision.

[4] *Everson v. DeKalb County School Dist.*, 344 Ga. App. 665, 666 (1) (811 SE2d 9) (2018) ("party seeking to benefit from the waiver of sovereign immunity has the burden to establish waiver.") (citation and punctuation omitted); *Albertson v. City of Jesup*, 312 Ga. App. 246, 248 (1) & n.9 (718 SE2d 4) (2011) (party seeking benefit of the waiver has to establish waiver and thus trial court's subject matter jurisdiction).

3

the City for the allegedly illegally assessed taxes.[5] OCGA § 48-5-380 (a) (1) provides in relevant part

> (a) As provided in this Code section, each *county and municipality* shall refund to taxpayers any and all taxes and license fees: (1)Which are determined to have been erroneously or illegally assessed and collected from the taxpayers under the laws of this state or under the resolutions or ordinances of any county or municipality[.]

(Emphasis added.) Under subsections (b) and (c) of that code section, the taxpayer may either file a claim for refund with the governing authority of the county or municipality within the prescribed time or proceed directly to filing suit.[6] Thus, while the plain language of the statute entitles taxpayers to seek a refund from the governing body of a county and municipality, the statute says nothing about filing suit or seeking a refund from a school district and does not contain any language that could be read as broadening the waiver of immunity to encompass governmental

[5] MMT argued in the trial court and on appeal that it only sought an injunction against the City to preclude the City from paying over the collected taxes to the School District. As MMT has abandoned any injunctive claim against the School District, we need not address whether sovereign immunity would bar any such claim.

[6] Subsection (f) additionally provides that taxpayers are not limited to the remedies listed in subsections (b) and (c) and may seek a refund under subsection (a) "by any other cause of action available at law or equity."

4

entities other than those specifically listed. Cf. *Tift County School Dist. v. Martinez,* 331 Ga. App. 423, 427-28 (1) (771 SE2d 117) (2015) (use of phrase "or any other political subdivision of this State" in the statute waived immunity to governmental entities other than those specifically listed). MMT points to no other statute that would authorize the type of claims it has asserted against the School District, and we have found none. Accordingly, the School District has immunity from the claims asserted against it, and the trial court should have granted the School District's motion for summary judgment.

2. In light of our holding in Division 1, it is unnecessary for us to address the School District's remaining contentions. However, we make plain that nothing in this opinion is intended to address MMT's claims against the City as the City did not move for summary judgment and is not party to this appeal.

*Judgment reversed. Barnes, P. J., and Reese, J., concur.*