**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 26, 2019**

# In the Court of Appeals of Georgia

A19A0619. CITY OF DUBLIN SCHOOL DISTRICT v. MMT
    HOLDINGS, LLC et al.

MILLER, Presiding Judge.

In this tax dispute's second appearance before this Court, the City of Dublin School District ("the School District") seeks review of the trial court's order denying the School District's request to order the City of Dublin ("the City") to release to it the tax funds the City is currently holding pursuant to a previous court order. The School District argues that the 2016 ad valorem tax at issue was properly and legally assessed and that the trial court improperly refused to release the tax proceeds to the School District, which it argues is a violation of our previous holding that the School District was entitled to sovereign immunity from plaintiff MMT Holdings, LLC's ("MMT") claim for a tax refund. After a careful review of the record, however, we

conclude that we lack appellate jurisdiction over the trial court's order because (1) the School District lacks standing to appeal a grant of summary judgment in favor of itself under OCGA § 9-11-56 (h); (2) the order is not final, nor would it be appealable as an order refusing an interlocutory injunction; and (3) the School District did not obtain a certificate of immediate review under OCGA § 5-6-34 (b). We therefore grant MMT's motion to dismiss this appeal.

In 2016, at the request of the City of Dublin Board of Education, the City of Dublin, Georgia levied an ad valorem tax at a rate of 2.25 mills for the purpose of paying the principal and interest on General Obligation Bonds that the School District had issued in 2008, 2010 and 2011. MMT, a payer of the ad valorem tax, filed the instant putative class action against the City and the School District, arguing that it was entitled to a refund because the tax was not authorized under the terms of the resolutions approving the various bonds. In addition to its claim for a tax refund pursuant to OCGA § 48-5-380, MMT requested an interlocutory injunction (and a later permanent injunction) against the City prohibiting it from paying any proceeds from the tax over to the School District.

On March 29, 2017, the trial court granted MMT's motion for partial summary judgment. The trial court concluded that the 2016 ad valorem tax was "illegally and

erroneously assessed and collected" and that MMT was entitled to a refund as a matter of law against both defendants. The trial court further concluded that sovereign immunity did not bar MMT's request for injunctive relief. The trial court also granted injuntive relief, ordering that "the City of Dublin is prohibited from paying the 2.25 mil property tax . . . proceeds levied at the request of the Dublin City Board of Education . . . to the City School District." Pursuant to a consent order, the trial court later directed that the City could not disburse any of the tax proceeds it collected "until further Order of this Court."

The School District[1] appealed the partial summary judgment order to this Court. The School District argued on appeal that the ad valorem tax was properly and legally assessed and that sovereign immunity barred MMT's claims against the School District. We agreed with the School District that sovereign immunity barred MMT's claim against the School District for a tax refund under OCGA § 48-5-380. *City of Dublin School Dist. v. MMT Holdings, LLC*, 346 Ga. App. 546, 546-548 (1) (816 SE2d 494) (2018). In light of this holding, we declined to address the School District's other claims of error. Id. at 548 (2). We also noted, "nothing in this opinion

---

[1] The City did not appeal from the summary judgment order nor did it join the School District's appeal.

is intended to address MMT's claims against the City as the City did not move for summary judgment and is not party to this appeal." Id.

Following remand, the School District filed a motion "to implement the decision of the Court of Appeals and disburse the proceeds of the property tax collected by the City of Dublin." The School District argued that, due to this Court's conclusion that it was entitled to sovereign immunity on MMT's claims against it, the School District was now clearly entitled to the funds being held by the City. The School District thus requested the trial court to "implement the decision of the Court of Appeals by granting summary judgment authorizing the release of the tax proceeds by the City to the School District."

On July 27, 2018, the trial court entered an order adopting this Court's judgment as its own and granting summary judgment to the School District on the basis of sovereign immunity. The trial court, however, concluded that "the School District's interpretation of relief to be granted is too expansive." Instead, the trial court concluded that, because this Court's opinion did not affect MMT's claims against the City, its injunction order prohibiting the City from disbursing the funds would remain in effect. The School District timely filed a direct appeal from the July 27, 2018 order.

1. MMT moves to dismiss this appeal for lack of appellate jurisdiction because the trial court's order denying the School District's request to release the tax proceeds is not final or otherwise directly appealable. We agree.

"This [C]ourt has a duty to inquire into its jurisdiction to entertain each appeal." (Citation omitted.) *Murphy v. Murphy*, 322 Ga. App. 829 (747 SE2d 21) (2013).

First, we note that the July 27, 2018 order is not appealable as a final order. A direct appeal may be taken, with certain irrelevant exceptions,[2] from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." OCGA § 5-6-34 (a) (1). "Even if a trial court's order does not state that it is a grant of final judgment, it nevertheless constitutes a final judgment within the meaning of OCGA § 5-6-34 (a) (1) where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Paine v. Nations*, 301 Ga. App. 97, 99 (1) (686 SE2d 876) (2009).

---

[2] See OCGA § 5-6-35 (a).

Here, MMT's claim against the City is still pending. Specifically, after the trial court granted partial summary judgment to MMT and entered the July 27, 2018 order at issue, it granted MMT's request for class certification, and so the trial court must now adjudicate any claims by the class once the requisite notice period has passed. The trial court also has not yet entered a permanent injunction or final order directing the City to disburse the funds to MMT or any other members of the class. Thus, although the July 27, 2018 order did resolve MMT's claim against the School District on the sole basis of sovereign immunity, the claims against the City still remain pending. See OCGA § 9-11-54 (b) (an order that resolves fewer than all claims, or determines the rights and liabilities of fewer than all parties, is not final absent certification from the trial court); *Financial Investment Group, Inc. v. Cornelison*, 238 Ga. App. 223, 224 (516 SE2d 844) (1999) (same). Because this case is still pending in the trial court and there are issues remaining to be resolved, the July 27, 2018 order is not appealable as a final judgment. See OCGA § 5-6-34 (a) (1); *Paine*, 301 Ga. App. at 99 (1).[3]

---

[3] The order is also not appealable as a final order under the collateral order doctrine, which allows for review if an order "(1) completely and conclusively decides the issue on appeal such that nothing in the underlying action can affect it; (2) resolves an issue that is substantially separate from the basic issues in the complaint; and (3) might result in the loss of an important right if review had to await

We also conclude that the order is not appealable under OCGA § 9-11-56 (h), which allows for a direct appeal from "[a]n order granting summary judgment on any issue or as to any party."

> The grant of a motion for summary judgment will not, standing alone, necessarily authorize the initiation of a direct appeal therefrom by any party to the case. An appeal must be filed by one who has standing to pursue it. OCGA § 9-11-56 (h) gives a *losing* party [i.e., the party against whom summary judgment has been entered] the right to a direct appeal from an order granting summary judgment on any issue or as to any party even though the judgment is not final.

(Citation and punctuation omitted.) *Nat. Equip. Sales, Svc. & Supplies, Inc. v. Hamrick Mfg. & Svcs., Inc.*, 186 Ga. App. 400 (367 SE2d 287) (1988). Here, while the trial court's July 27, 2018 order did grant summary judgment, it granted judgment in favor of the School District, pursuant to our mandate in the initial appeal, and

---

final judgment, making the order effectively unreviewable on appeal." (Citation omitted.) *Murphy*, supra, 322 Ga. App. at 831. The order on appeal implicates the direct heart of the "basic issues" of this lawsuit (namely, the question of whether the 2016 ad valorem tax was properly and legally assessed), and so it fails to satisfy the second prong of this doctrine. We further note that, under current precedent, the fact that the trial court's order resolved the School Board's claim regarding the scope of its sovereign immunity does not render the trial court's order automatically appealable under the collateral order doctrine. *Rivera v. Washington*, 298 Ga. 770, 777-778 & n.7 (784 SE2d 775) (2016).

7

"[c]learly, [the School District] has no standing to appeal that portion of its summary judgment motion resolved in its favor . . . Nor did [the School District] raise such issues in this appeal." (Citation omitted.) Id. Instead, the errors that the School District is raising are solely related to the denial of its request to release the tax proceeds. Because the trial court's July 27, 2018 order was not a grant of summary judgment against the School District, a direct appeal under OCGA § 9-11-56 (h) is not authorized here.

Finally, we conclude that the July 27, 2018 order is not appealable under OCGA § 5-6-34 (a) (4), which allows for appeals from "[a]ll judgments or orders granting or refusing applications for . . . interlocutory or final injunctions." The School Board argues that the trial court's denial of its request to release the tax proceeds was in all practical effect the refusal of an application for an injunction. However, because the School District essentially sought an order undoing what the trial court had previously ordered, we instead conclude that the School District's motion to release the tax funds is best construed as a motion to vacate or dissolve the already existing injunction prohibiting the City from releasing the funds to the School District, rather than as a motion seeking a completely new and original injunction. Because an order modifying or dissolving an interlocutory injunction, or denying a

8

request to modify or dissolve an interlocutory injunction, does not fall within the ambit of OCGA § 5-6-34 (a) (4), this direct appeal is also not authorized under that statute. *Jones v. Peach Trader, Inc.*, 302 Ga. 504, 511-516 & nn. 10-11 (III) (807 SE2d 840) (2017).[4]

In sum, we conclude that we lack jurisdiction over the School District's direct appeal from the trial court's July 27, 2018 order because (1) it was not a final order; (2) the School District does not have standing to appeal from a grant of summary judgment to itself; (3) the order is not appealable as an order refusing an application for an injunction; and (4) the School District did not obtain a certificate of immediate review from the trial court under OCGA § 5-6-34 (b). We therefore grant MMT's motion to dismiss this appeal because there are no remaining issues ripe before this Court.

*Appeal dismissed. Rickman and Reese, JJ., concur.*

---

[4] We are keenly aware that the School District did indeed timely appeal from the trial court's injunction order as part of its first appeal before this Court and that it properly raised the propriety of the injunction order as an enumeration of error in that appeal. These facts, however, do not cure the jurisdictional defects in this appeal, and we have "no authority to create equitable exceptions to jurisdictional requirements imposed by statute" to cover situations such as this. (Citation omitted.) *Gable v. State*, 290 Ga. 81, 85 (2) (b) (720 SE2d 170) (2011).