**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 19, 2023**

# In the Court of Appeals of Georgia

A23A0694. 2200 ATLANTA INVESTORS, LLC, PARCEL ID: 18-210-07-003 v. DEKALB COUNTY.

GOBEIL, Judge.

2200 Atlanta Investors, LLC ("Atlanta Investors") appeals following the trial court's dismissal of its tax-refund action on the grounds that DeKalb County was immune from suit and the complaint failed to state a claim. On appeal, in related claims of error, Atlanta Investors argues that the trial court erred in finding that sovereign immunity barred its action and that its complaint failed to state a claim. Atlanta Investors also asserts that the trial court erred in denying its alternative demand for arbitration. For the reasons set forth below, we affirm the trial court's order.

The facts in this case are not in dispute. The Development Authority of DeKalb County ("the Authority") is the title owner for a piece of real property identified as Parcel ID 18-210-07-003 (the "property"). The Authority leased the property to JLB Northlake, LLC, which later assigned its leasehold interest to Atlanta Investors. Exhibit B to the lease agreement is titled "Payments in Lieu of Taxes" and explains that "the Company" — Atlanta Investors — shall be responsible for making payments in lieu of property taxes to the DeKalb County Tax Commissioner. (A more detailed review of Exhibit B is described below.)

This dispute concerns the taxes due for tax year 2016. After an appeal was filed for the assessed valuation for tax year 2015, the DeKalb County Board of Equalization ("BOE") conducted a hearing and, on March 22, 2016, determined the property to have a value of $48,605,417 for tax year 2015. Atlanta Investors alleges that it made no substantial additions, developments, or improvements to the property after that value assessment. On June 3, 2016, DeKalb County issued an annual notice of assessment for tax year 2016 setting the property's valuation at $59,055,000.

Atlanta Investors paid the tax bill as issued for tax year 2016, and then filed an action pursuant to OCGA § 48-5-380[1] for a refund of excess taxes paid. Atlanta Investors asserted that the bill for tax year 2016 violated OCGA § 48-5-299 (c), which provides that when the BOE sets a property's valuation in an appeal proceeding, "the new valuation so established . . . may not be increased by the board of tax assessors during the next two successive years . . ." subject to certain exceptions. Atlanta Investors claimed it was owed a refund of $124,677.11 based on the taxes it would have owed had DeKalb County complied with the statutory valuation freeze. Atlanta Investors also sought interest and attorney fees.

After filing an answer, DeKalb County moved to dismiss the complaint, either for failure to state a claim under OCGA § 48-5-380 or based on sovereign immunity. In its response, Atlanta Investors argued that, if the trial court found its complaint to be outside the scope of OCGA § 48-5-380, the court must order arbitration based on a provision found in Exhibit B to the lease agreement.

---

[1] OCGA § 48-5-380 (b) provides that "[a] taxpayer from whom a tax or license fee was collected who alleges that such tax or license fee was collected illegally or erroneously may file a claim for a refund with the governing authority of the county or municipality . . ." to whom they paid the tax or license fee. The taxpayer may either first request a refund from the county (which Atlanta Investors did here), or directly file suit for a refund. OCGA § 48-5-380 (c). Further discussion of this statute appears below.

After a hearing, the trial court granted DeKalb County's motion to dismiss, finding that the County was entitled to sovereign immunity. The trial court found that, although OCGA § 48-5-380 constitutes an express waiver of a county's sovereign immunity for taxpayer-refund actions, Atlanta Investors was not a "taxpayer" as that term is used in the statute because its "payments in lieu of taxes" were made pursuant to the lease agreement rather than as actual taxes collected by the County. Alternatively, the trial court found that the complaint failed to state a claim for essentially the same reasons stated above: OCGA § 48-5-380 does not allow for a refund of payments that are not collected as a tax or license fee, and thus Atlanta Investors cannot proceed under the refund statute for payments made that were not collected as taxes. The court also denied Atlanta Investors's request to proceed to arbitration. This appeal followed.

1. We affirm the trial court's ruling that the County was immune from this suit. Counties are entitled to sovereign immunity under the Georgia Constitution. *Gilbert v. Richardson*, 264 Ga. 744, 747 (2) (452 SE2d 476) (1994). Sovereign immunity is not merely a defense to the merits of an action, "but raises the issue of the trial court's subject matter jurisdiction to try the case." *City of Albany v. Stanford*, 347 Ga. App. 95, 97 (1) (815 SE2d 322) (2018) (citation and punctuation omitted) (physical

precedent only). "We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity." *Campbell v. Cirrus Ed., Inc.*, 355 Ga. App. 637, 641 (2) (845 SE2d 384) (2020) (citation and punctuation omitted).

On appeal, Atlanta Investors argues that any difference between "taxes" paid by a typical property owner and the "payments in lieu of taxes" it pays is not significant. Atlanta Investors notes that it received a tax bill from the Tax Commissioner, requiring it to pay an amount based on the Tax Assessor's valuation of the property (as it would determine for any other property taxes), and the payment was collected and applied in the same manner as other taxes. However, Atlanta Investors ignores other features of its leasehold agreement which further distinguish its payments from typical taxes.

As persuasively argued by the County, the source of Atlanta Investor's obligation to make these payments comes from its voluntary lease with the Authority and not from the mandates of the revenue statutes. As a leaseholder, Atlanta Investors typically would not owe property taxes on the property. Indeed, the tax bill was issued to the Authority, who forwarded the bill to Atlanta Investors per the

agreement. Further, the payments in lieu of taxes owed by Atlanta Investors were heavily discounted for a number of years based on a formula in the lease agreement; a discount unavailable to a typical taxpayer. And, although the Board of Tax Assessors ("BOTA") and the Tax Commissioner preserved their rights to collect penalties and interest should Atlanta Investors fail to make its payments in lieu of taxes, they would not be permitted to place a tax lien on the property, another benefit Atlanta Investors enjoyed based on the lease that is unavailable to typical taxpayers.

Accordingly, we agree with the trial court that the payments made by Atlanta Investors in lieu of taxes are not a "tax or license fee" that would allow Atlanta Investors to pursue an action under the waiver of sovereign immunity laid out in OCGA § 48-5-380. The statute does not waive a county's sovereign immunity for "payments in lieu of taxes," even if those payments are collected in a similar manner to taxes. See *Coleman v. Glynn County*, 344 Ga. App. 545, 549 (2) (809 SE2d 383) (2018) ("The statutory authorization to bring an action for a tax refund in superior court against a county is an express waiver of sovereign immunity, and the county's consent to be sued for a tax refund must be strictly construed.") (citation and punctuation omitted). We have consistently strictly construed tax statutes to find governmental entities immune where the plaintiff does not fall under the strict

6

language of the statute waiving sovereign immunity. See, e.g., *Sawnee Elec. Membership Corp. v. Georgia Dept. of Revenue*, 279 Ga. 22, 23-24 (2) (608 SE2d 611) (2005) ("one must be a 'taxpayer' to bring an action for a tax refund" under OCGA § 48-2-35 (b) (4)); where plaintiff passed the tax onto its customers, it did not have standing to pursue a refund as a taxpayer); *City of Dublin School Dist. v. MMT Holdings, LLC*, 346 Ga. App. 546, 547-548 (1) (816 SE2d 494) (2018) (OCGA § 48-5-380 does not provide explicitly for refund actions against school districts, so no waiver of sovereign immunity).

Atlanta Investors argues that language in the lease allows it to proceed under OCGA § 48-5-380. Specifically, Exhibit 5 to the agreement states:

> The BOTA agrees that the Company may administratively contest such value [of the property for purposes of determining taxes owed as determined by the BOTA in accordance with the usual laws] in the same manner as other property owners and shall have the same rights to judicial review of the BOTA's determination of values as other property owners.

First, DeKalb County is not a party to the lease agreement (which is between Atlanta Investors and the Authority), so it did not agree to be sued in this manner. Further, to the extent that this provision applies to allowing Atlanta Investors to bring a refund

7

action (as opposed to an action challenging valuation), DeKalb County is correct that sovereign immunity may be waived only by statute and cannot be waived by contract. *CSX Transp., Inc. v. City of Garden City*, 277 Ga. 248, 250 (1) (588 SE2d 688) (2003) (city's indemnification agreement with transportation company was void in the absence of statutory authority waiving the city's sovereign immunity).

To the extent Atlanta Investors argues that the lease agreement created its own waiver of sovereign immunity under the ex contractu clause of the Georgia Constitution, the ex contractu waiver of sovereign immunity would only allow Atlanta Investors to bring a "contract action," which this tax-refund lawsuit is not. See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (c) ("The state's defense of sovereign immunity is hereby waived as to any action ex contractu for the breach of any written contract now existing or hereafter entered into by the state or its departments and agencies."); see *City of Union Point v. Greene County*, 303 Ga. 449, 455 (1) (b) (812 SE2d 278) (2018) (plaintiff could raise claims for restitution, damages, and specific performance under ex contractu waiver of sovereign immunity, but to the extent plaintiff sought anything more than performance of the existing contract, such claim was outside the scope of the waiver).

The parties also argue over the scope of OCGA § 48-5-380 and whether Atlanta Investors — if it was a typical taxpayer contesting a tax or license fee that was imposed in violation of OCGA § 48-5-299 (c) — would be allowed to proceed under OCGA § 48-5-380.[2] However, if the waiver contained in OCGA § 48-5-380 does not allow for actions for the refund of payments made in lieu of taxes, then the County is immune from such a suit and we need not opine on the scope of OCGA § 48-5-380. Accordingly, we affirm the trial court's finding that Atlanta Investors's claims were barred by sovereign immunity.

2. Atlanta Investors also challenges the trial court's denial of its request for arbitration.

---

[2] These arguments concern the differences between the purpose and function of OCGA § 48-5-380 (the refund statute under which Atlanta Investors proceeded in this case), and OCGA § 48-5-311 (the statute which permits taxpayers to contest the amount at which its property was assessed). We explained in *Rice v. Fulton County*, 358 Ga. App. 1, 5 (852 SE2d 860) (2020), that both statutes allow the taxpayer to raise the issue of valuation; however, to bring a refund action, the taxpayer must be alleging erroneous or illegal taxation. Atlanta Investors contends that its action properly alleges an illegal procedure, specifically that the County's assessment exceeded the value of what was legal under OCGA § 48-5-299 (c). The County does not concede this point. But, it argues that we need not decide this issue on appeal because the issue of sovereign immunity rather than the scope of OCGA § 48-5-380 was the basis of the trial court's ruling. We agree with the County on this point.

As an initial matter, we find Atlanta Investors's brief on this issue lacking, as it cites no standard of review, no legal authority to explain why it was entitled to arbitration, and no legal authority in support of its conclusion that the trial court erred. See Court of Appeals Rule 25 (a) (7) (requiring that an appellant "cite the authorities relied on and include a concise statement of the applicable standard(s) of review"), (d) (1) ("[a]ny enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned"). See *also Guilford v. Marriott Intl., Inc.*, 296 Ga. App. 503, 505 (675 SE2d 247) (2009) (deeming abandoned enumerations of error that were not supported by legal authority; explaining that legal argument "requires, at a minimum, a discussion of the appropriate law as applied to the relevant facts") (citation and punctuation omitted). However, even if this enumeration of error is not abandoned, we find that it lacks merit.

> Arbitration is a matter of contract, meaning that arbitrators derive their authority to resolve disputes only from the parties' agreement. Whether a valid and enforceable arbitration agreement exists is a question of law for the court. We therefore review a trial court's order granting or denying a motion to compel arbitration de novo. The . . . part[y] seeking arbitration . . . bear[s] the burden of proving the existence of a valid and enforceable agreement to arbitrate.

10

*United Health Svcs. of Georgia, Inc. v. Alexander*, 342 Ga. App. 1, 2 (2) (802 SE2d 314) (2017) (citations and punctuation omitted). "The construction of an arbitration clause in a contract is subject to the ordinary rules of contract construction." *South Point Retail Partners, LLC v. North American Properties Atlanta, Ltd.*, 304 Ga. App. 419, 421-422 (1) (696 SE2d 136) (2010).

> As quoted above, Exhibit B of the parties' agreement provides:
>
> The BOTA agrees that the Company may administratively contest such value [of the property for purposes of determining taxes owed as determined by the BOTA in accordance with the usual laws] in the same manner as other property owners and shall have the same rights to judicial review of the BOTA's determination of values as other property owners.
>
> . . .
>
> If for any reason the foregoing provisions relating to administratively or judicially contesting the value of the [property] established by the BOTA shall be judicially determined not to be effective, the matter of value shall, at the request of the Company be subject to arbitration . . . .

However, in between these two provisions, the lease also states: "The provisions of this Lease relative to valuation of the [property] and the giving of notice thereof shall

11

be the obligation and responsibility of the BOTA (and not of the Issuer, the County or any other body)." Accordingly, by its own terms, the arbitration provision does not compel the County to participate in arbitration concerning valuation of the tax assessment, much less arbitrate a claim that Atlanta Investors is due a refund based on an illegal assessment. See *South Point Retail Partners,*, 304 Ga. App. at 421-422 (1) (if the language of an arbitration provision "is plain, unambiguous, and capable of only one reasonable interpretation, no construction is required or even permissible, and the trial court enforces the contract according to its literal meaning"). See also *Alexander*, 342 Ga. App. at 2 (2) ("a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit").

For all of the reasons explained above, we affirm the trial court's dismissal of Atlanta Investor's complaint.

*Judgment affirmed. Doyle, P. J., and Senior Judge C. Andrew Fuller concur.*