# Court of Appeals
# of the State of Georgia

ATLANTA,  April 06, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1494. TONY L. WARE v. FIDELITY ACCEPTANCE CORPORATION.**

Tony L. Ware filed a direct appeal from the trial court's January 23, 2026 order (the "2026 Order"), which corrected a clerical error under OCGA § 9-11-60(g). We lack jurisdiction.

Generally, "motions to correct a clerical error pursuant to OCGA § 9-11-60 (g) … are properly the subject of a direct appeal." *Stump v. Young*, 307 Ga. App. 583, 584 (705 SE2d 684) (2011). However, in this case, after the court corrected the June 12, 2008 operative order (the "2008 Order"), the court stated that it would still consider the defendant's challenge to the 2008 Order "in full," and set forth a briefing schedule for the parties. Thus, "[a]s the [order] left issues pending in the trial court, it is not a final judgment within the meaning of OCGA § 5-6-34 (a) (1). Absent a certificate of immediate review and application for interlocutory appeal, [Ware's] direct appeal is premature and must be dismissed." Id. at 584.

Ware also contends that the trial court's 2026 Order, which corrected a clerical error concerning a supersedeas appeal bond, is directly appealable as it dissolved an injunction.  But,  an order dissolving or modifying an injunction is an interlocutory order that must come by interlocutory application. See *City of Dublin Sch. Dist. v. MMT Holdings, LLC*, 351 Ga. App. 112, 116 (830 SE2d 487) (2019) (holding that "an order modifying or dissolving an interlocutory injunction, or denying a request to modify or dissolve an interlocutory injunction, does not fall within the ambit of OCGA § 5-6-34 (a) (4)").

Finally, Ware contends that he may collaterally attack the 2026 Order as a

nullity under OCGA § 9-12-16. As noted above, as a general rule, a direct appeal lies from a final judgment when the case is no longer pending below. See OCGA § 5-6-34(a)(1). Appellate courts have created an exception to this requirement known as the collateral order doctrine, which allows for the immediate appeal "of a very small class of interlocutory rulings that are effectively final in that they finally determine claims of right separable from, and collateral to, rights asserted in the action[.]" *Buckner-Webb v. State*, 314 Ga. 823, 827–28(2)(a) (878 SE2d 481) (2022). But because Ware could have sought interlocutory review and is not left without a future remedy, we decline to extend the collateral order doctrine to this case. See *Jenkins v. State*, ___ Ga. ___ (2026), S25A1050, slip op. at 4 (Ga. Feb. 3, 2026) (stating that "our use of the collateral-order doctrine rests on doubtful authority") (quotation marks omitted).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 04/06/2026

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*