# Court of Appeals
# of the State of Georgia

ATLANTA,  April 27, 2026

*The Court of Appeals hereby passes the following order:*

**A26I0188. KEVIN DAVIS et al. v. JERRY BUNN, et al.**

While attending a party at the home of Jerry Bunn, Bryce Davis, a minor, was bitten by a dog owned by Jerry's daughter, Abby Bunn. Acting in their capacity as the child's legal guardians, Kevin Davis and Krystal Bunn (collectively, "Plaintiffs"), brought the underlying action against both Jerry and Abby seeking to recover for the child's injuries. Jerry moved for summary judgment as to the claim asserted against him, arguing that because he was not the owner of the dog, he was not liable for the animal's conduct. The trial court agreed and on March 10, 2026, it entered an order granting summary judgment in favor of Jerry. Plaintiffs sought a certificate of immediate review, which the trial court granted on April 2, 2026. Plaintiffs then filed this application for interlocutory appeal. We lack jurisdiction.

A party against whom summary judgment is granted generally has a right of direct appeal, even where the judgment leaves some claims pending in the trial court. Specifically, OCGA § 9-11-56(h) gives "the party against whom summary judgment has been entered the right to a direct appeal from an order granting summary judgment on any issue or as to any party even though the judgment is not final." *City of Dublin School District v. MMT Holdings, LLC*, 351 Ga. App. 112, 115-16(2) (830 SE2d 487) (2019) (citation and punctuation omitted). See also *Overstreet v. Doctors Hosp.*, 142 Ga. App. 895, 896(1) (237 SE2d 213) (1977) ("the grant of a summary judgment is an exception to the rule requiring a final judgment in order to appeal") (citation and punctuation omitted). This Court will grant a timely application for interlocutory appeal if the order at issue is directly appealable and the applicant has

not already filed a timely notice of appeal. See *Spivey v. Hembree*, 268 Ga. App. 485, 486 n.1 (602 SE2d 246) (2004). Plaintiffs' application, however, is not timely.

A party may seek interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. OCGA § 5-6-34(b). And because a timely certificate of immediate review is a jurisdictional requirement, we may not consider any application for an interlocutory appeal where the timeliness requirement is not met. *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016).[1] Here, the trial court did not issue the certificate of immediate review until 23 days after entry of the summary judgment order. Consequently, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __04/27/2026_____

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] Under such circumstances, the party seeking review must wait until final judgment to appeal. See *Duke v. State*, 306 Ga. 171, 178(3)(a) (829 SE2d 348) (2019); *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016).